# EXHIBIT 1

Iconic Sports Eagle Investment, LLC ("<u>Iconic</u>" or "<u>we</u>")  
Walkers Corporate Limited, 190  
Elgin Avenue, George Town  
Grand Cayman KY1-9008  
Cayman Islands

Board of Directors (the "<u>Board</u>" or "<u>you</u>")  
Eagle Football Holdings Limited (the "<u>Company</u>")  
Intertrust Uk  
1 Bartholomew Lane, London  
United Kingdom  
EC2N 2AX

15 July 2025

Dear Sirs,

**Transfer of the Textor Shares (as defined below) to Iconic**

1. **Background**

1.1   We refer to:

   (a)   the articles of association of the Company (the "<u>Articles</u>");

   (b)   the subscription and shareholders' agreement dated 16 November 2022 between, amongst others, the Company, the Investors, the Founder and Bidco (as amended and/or amended and restated from time to time) (the "<u>SSHA</u>");

   (c)   the put option agreement dated 16 November 2022 between John Textor and Iconic (the "<u>Put Option Agreement</u>"), pursuant to which Mr Textor has granted Iconic the right to require him to purchase all shares owned by Iconic in the Company upon the occurrence of certain Option Trigger Events (as defined therein); and

   (d)   the share charge dated 9 December 2022 between John Textor as chargor and Iconic, pursuant to which Mr Textor has granted a fixed charge over all current and future shares owned by him in the Company (the "<u>Textor Shares</u>") in favour of Iconic, as continuing security for his obligations under the Put Option Agreement (the "<u>Share Charge</u>").

1.2   Capitalised terms used but not otherwise defined in this letter (the "<u>Letter</u>") shall have the meanings ascribed to them in the Articles and/or the SSHA (as applicable).

1.3   We are writing to inform you that, following extensive efforts since we exercised our put option under the Put Option Agreement on 26 July 2023, Mr Textor has failed to comply with his obligations under clause 4 of the Put Option Agreement, and remains liable to pay Iconic the Option Price (as defined therein) which is currently in the outstanding aggregate amount of $94,108,250.30.

1.4 Mr Textor's breach of his obligations under clause 4 of the Put Option Agreement has given rise to a Declared Default under and as defined in the Share Charge.

1.5 We have therefore exercised our rights to enforce the security granted to us under the Share Charge and to transfer the legal title to the Textor Shares to Iconic, in order for Iconic to implement a sale or disposition process with a view to maximizing recoveries for the persons who hold the benefit of Permitted Share Pledge Agreements (as defined in the SSHA) (with any remaining recoveries reverting to Mr Textor) in accordance with clauses 9.1(a) and 9.3 (*Enforcement of Security*) of the Share Charge (the "<u>Transfer</u>", following which the Textor Shares have now become "<u>Transferred Shares</u>"), using the power of attorney granted to us pursuant to clause 13 of the Share Charge.

1.6 To that end, we enclose:

(a) a signed stock transfer form documenting the Transfer, appended as Appendix A hereto (the "<u>Stock Transfer Form</u>"); and

(b) a signed deed of indemnity pursuant to which we are indemnifying the Company and its officers for any losses as a result of registering the Transfer without sight of Mr Textor's share certificate, appended as Appendix B hereto (the "<u>Deed of Indemnity</u>"),

with the Stock Transfer Form having been duly executed by Iconic under the power of attorney granted to us under clause 13 (*Power of Attorney*) of the Share Charge.

2. **The Board's obligations with regards to the Transfer**

We hereby require that the Board, having now received duly executed copies of the Stock Transfer Form and the Deed of Indemnity, complies with their and the Company's respective obligations under the Articles and the SSHA and their fiduciary duties as Directors with regards to the Transfer, including but not limited to:

(a) registering the Transfer as soon as reasonably practicable following the date of this letter such that Iconic is entered on the register of members of the Company in respect of all Transferred Shares in accordance with article 11.11 of the Articles, which requires the Directors to register any transfer of any Shares pursuant to any option agreement entered into between the Founder and any Investor;

(b) removing all Founder Directors and the non-executive director appointed by Mr Textor, Sam Lynn, from the Board with immediate effect on the basis that Iconic is exercising its rights under the Share Charge to exercise the powers and rights conferred on or exercisable by the legal or beneficial owner of the Textor Shares in order to deliver notice of such removal and, furthermore, on the basis that the Founder no longer holds the requisite percentage of Equity Securities in the Company to appoint and maintain Founder Directors in accordance with clause 8.2 of the SSHA, and delivery of this Letter shall constitute such written notice required to that effect for the purposes of clause 8.6 of the SSHA and article 23.9 of the Articles; and

(c) taking all other steps necessary to support, facilitate, implement, consummate or otherwise give effect to the Transfer.

3. **Iconic's rights following the occurrence of the Declared Default**

3.1 The Board is reminded that, following the occurrence of the Declared Default described in paragraph 1.4 above, Iconic is now entitled to (in accordance with paragraph 4.1(b) of the Share Charge) and at our discretion:

(a) exercise (or refrain from exercising) any voting rights in respect of any Transferred Shares;

(b) apply all dividends, interest and other monies arising from any Transferred Shares in accordance with Clause 11 (*Application of Proceeds*) of the Share Charge;

(c) transfer any Transferred Shares into the name of such nominee(s) of Iconic as we shall require; and

(d) exercise (or refrain from exercising) the powers and rights conferred on or exercisable by the legal or beneficial owner of any Transferred Shares.

Accordingly, the Board and the Company should now correspond with Iconic only in relation to any request for shareholder consent or approval and pay any dividends, interest and other monies relating to the Transferred Shares to Iconic for application in accordance with the terms of the Share Charge, pending registration. The Board and the Company should disregard any attempt by Mr Textor to exercise any rights in connection with the Textor Shares.

4. **Miscellaneous**

4.1 Iconic expressly reserves all rights, powers and remedies available to us under this Letter, the SSHA, the Put Option Agreement and the Share Charge, and neither any failure nor any delay on the part of Iconic in exercising any such rights, powers or remedies shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or future exercise of such rights, powers and remedies.

4.2 This Letter (and any dispute or claim relating to it or its subject matter (including non-contractual claims)) is governed by and is to be construed in accordance with English law and the courts of England and Wales shall have exclusive jurisdiction to settle any claim, dispute or issue (including non-contractual claims) which may arise out of or in connection with this Letter.

4.3 The terms and existence of this letter are confidential and should not be disclosed to any third party (i) except with our prior written consent, or (ii) save to the extent required by law, by any governmental or other regulatory authority or by a court or other authority of competent jurisdiction.

Yours faithfully,

_____
for and on behalf of
**Iconic Sports Eagle Investment, LLC**

**Appendix A**
**Stock Transfer Form**

**STOCK TRANSFER FORM**

Company No.
**14379286**

(Above this line for Registrars only)

| | |
|---|---|
| Consideration money<br>£ Nil | Certificate lodged with the Registrar<br><br>(For completion by the Registrar/Stock Exchange) |
| Name of Undertaking | **EAGLE FOOTBALL HOLDINGS LIMITED** |
| Description of Security | **ORDINARY SHARES** |

| Number or amount of Shares, Stock or other security and, in figures column only, number and denomination of units, if any | Words<br>**THIRTY THREE THOUSAND TWO HUNDRED AND FORTY THREE** | Figures<br>**33,243**<br>Units of<br>**£0.01** |
|---|---|---|

| Name(s) of registered holder(s) should be given in full: the address should be given where there is only one holder.<br><br>If the transfer is not made by the registered holder(s) insert also the name(s) and capacity (e.g., Executor(s) of the person(s) making the transfer | In the name(s) of<br><br>**MR JOHN TEXTOR**<br><br>**100 HARBOR WAY**<br>**HOBE SOUND, 33455**<br>**FLORIDA**<br>**UNITED STATES** |
|---|---|

Date of Transfer : _15 July 2025_

I/We hereby transfer the above security out of the name(s) aforesaid to the person(s) named below

Signature(s) of transferor(s)

1. *DocuSigned by:* [signature]
   7C7EDF919857449

2. **ICONIC SPORTS EAGLE INVESTMENT, LLC**
   acting by ___James G. Dinan___ , as attorney for and on behalf of John Textor under the power of attorney granted under clause 13 (*Power of Attorney*) of the share charge dated 9 December 2022 between John Textor as chargor and Iconic Sports Eagle Investment, LLC

3. 

4. 

Stamp of selling Broker(s) or, for transactions which are not stock exchange transactions, of Agent(s), if any, acting for the transferor(s)

Date

| Full name(s) and full postal address(es) (including County or, if applicable, Postal District number) of the person(s) to whom the security is transferred<br><br>Please state title, if any, or whether Mr., Mrs.., Miss., or Ms<br><br>Please complete in type writing or in Block Capitals. | **ICONIC SPORTS EAGLE INVESTMENT, LLC**<br><br>**WALKERS CORPORATE LIMITED, 190 ELGIN AVENUE, GEORGE TOWN, GRAND CAYMAN KY1-9008** |
|---|---|

I/We request that such entries be made in the register as are necessary to give effect to the transfer.

Stamp of Buying Broker(s) (if any)

**FORM OF CERTIFICATE REQUIRED – TRANSFERS NOT CHARGEABLE WITH *AD VALOREM* STAMP DUTY**

**Complete Certificate 1 if:**

- the consideration you give for the shares is £1,000 or less and the transfer is not part of a larger transaction or series of transactions (as referred to in Certificate 1).

**Complete Certificate 2 if:**

- the transfer is otherwise exempt from Stamp Duty and you are not claiming a relief, or
- the consideration given is not chargeable consideration.

**Certificate 1**

| | |
|---|---|
| * Please delete as appropriate | We certify that the transaction effected by this instrument does not form part of a larger transaction or series of transactions in respect of which the amount or value, or aggregate amount or value, of the consideration exceeds £1,000. |
| ** Delete second sentence if certificate is given by transferor | |

*Signature(s)*

DocuSigned by:
………………………
7C7FDF919857449...

**ICONIC SPORTS EAGLE INVESTMENT, LLC**
acting by ……James G. Dinan…… as attorney for and on behalf of John Textor under the power of attorney granted under clause 13 (*Power of Attorney*) of the share charge dated 9 December 2022 between John Textor as chargor and Iconic Sports Eagle Investment, LLC

*Description ("Transferor", "Solicitor", etc)*

**TRANSFEROR**

………………………………………

………………………………………

Date  15 July 2025

**Certificate 2**

| | |
|---|---|
| * Please delete as appropriate | I/We* certify that this instrument is otherwise exempt from *ad valorem* Stamp Duty without a claim for relief being made or that no chargeable consideration is given for the transfer for the purposes of Stamp Duty. |
| ** Delete second sentence if certificate is given by transferor | I/We* confirm that I/we* have been authorised by the transferor to sign this certificate and that I/we* am/are* aware of all the facts of the transaction.** |

*Signature(s)*                             *Description ("Transferor", "Solicitor", etc)*

…………………………………….

…………………………………….                ………………………………………

…………………………………….                ………………………………………

Date _____

**NOTES**

(1) You don't need to send this form to HM Revenue & Customs (HMRC) if you have completed either Certificate 1 or 2, or the consideration for the transfer is nil (in which case you must write 'nil' in the consideration box on the front of the form). In these situations send the form to the company or its registrar.

(2) In all other cases - including where relief from Stamp Duty is claimed - send the transfer form to HMRC to be stamped.

(3) Information on Stamp Duty reliefs and exemptions and how to claim them can be found on the HMRC website at https://www.gov.uk/topic/business-tax/stamp-taxes.

Provided by 1st Formations Limited

**Appendix B**
**Deed of Indemnity**

From: Iconic Sports Eagle Investment, LLC ("Iconic" or "we")
Walkers Corporate Limited, 190 Elgin Avenue, George Town, Grand Cayman KY1-9008, Cayman Islands

To: The Directors
Eagle Football Holdings Limited (the "Company")
Intertrust Uk, 1 Bartholomew Lane, London, United Kingdom, EC2N 2AX

15 July 2025

Dear Sirs

**Indemnity for Lost Share Certificate**

1. We refer to:

   (a) the put option agreement dated 16 November 2022 between John Textor and Iconic (the "Put Option Agreement"), pursuant to which Mr Textor has granted Iconic the right to require him to purchase all shares owned by Iconic in the Company upon the occurrence of certain Option Trigger Events (as defined therein); and

   (b) the share charge dated 9 December 2022 between John Textor as chargor and Iconic, pursuant to which Mr Textor has granted a fixed charge over all current and future shares owned by him in the Company (the "Textor Shares") in favour of Iconic, as continuing security for his obligations under the Put Option Agreement (the "Share Charge").

2. We confirm that:

   (a) Mr Textor has breached his obligations under clause 4 of the Put Option Agreement which has given rise to a Declared Default under and as defined in the Share Charge;

   (b) we have exercised our rights to enforce the security granted to us under the Share Charge and to transfer the Textor Shares to Iconic in accordance with clauses 9.1(a) and 9.3 (*Enforcement of Security*) of the Share Charge; and

   (c) to the best of our knowledge, the Textor Shares currently comprises no fewer than 33,243 ordinary shares of £0.01 each in the capital of the Company, however the original certificate of title in respect of the Textor Shares has been lost.

3. We hereby request you to register the transfer of the Textor Shares to Iconic Sports Eagle Investment, LLC notwithstanding the fact that the original certificate of title is not available at this stage.

4. In consideration of your doing so:

   (a) We agree to indemnify the Company and its officers to the extent permitted by law (each of whom may enforce this indemnity pursuant to the Contract (Rights

        of Third Parties) Act 1999) from and against all actions, proceedings, claims and demands which may be brought against them and all losses, charges, costs, damages and expenses which they may directly incur as a result of registering transfer of the Textor Shares to Iconic Sports Eagle Investment, LLC without production of the original certificate of title.

    (b)    We undertake to return the original certificate(s) to the Company for cancellation if it is found. This indemnity will continue in force even if the original certificate is returned to you.

5.    This indemnity applies even if the number and date of the original certificate is not known.

6.    This deed of indemnity and any disputes or claims arising out of or in connection with its subject matter or formation (including non-contractual disputes or claims) are governed by and construed in accordance with the law of England and Wales. The courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this indemnity or its subject matter or formation (including non-contractual disputes or claims).

This indemnity is entered into by the parties as a deed, and is delivered and takes effect on the date stated at the beginning of it.

| | |
|---|---|
| EXECUTED AND DELIVERED as a DEED by **Iconic Sports Eagle Investment, LLC**, acting by its authorised signatory in accordance with the laws of its jurisdiction of incorporation | ) ) ) ) ) |

*DocuSigned by:*
7C7FDF919857449...

Name: Jamie Dinan

Title: Member