UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14239-CIV-CANNON

JOHN TEXTOR,

    Plaintiff,

v.

ICONIC SPORTS EAGLE INVESTMENT LLC, JAMES G. DINAN and ALEXANDER KNASTER,

    Defendants.

_____/

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff John Textor ("Plaintiff") has moved this Court for a preliminary injunction and temporary restraining order pursuant to Fed. R. Civ. P. 65(b), seeking to block Defendants from exercising rights that they purport to have under contracts that are the subject of the instant action. (ECF No. 27) (the "Motion"). Those contracts are a November 16, 2022 Put Option Agreement (the "Put Option Agreement"), and a related December 8, 2022 Share Charge Agreement (the "Share Charge Agreement" and, together, the "Fraudulently Obtained Agreements"). Plaintiff alleges that both of those agreements are subject to rescission on the basis that they were procured by fraud. On July 15, 2025, Defendant Iconic Sports Eagle Investment LLC ("ISEI") invoked rights it purports to have under the Share Charge Agreement to transfer Plaintiff's shares in Eagle Football Holdings Limited ("Eagle") to itself as nominee, which would make it the of-record majority shareholder, and directed the board members of Eagle who had been appointed by Textor to be removed. If the Share Charge Agreement and Put Option Agreement are indeed subject to rescission based on fraud, Defendants would have no right to exercise rights over Textor's shares in Eagle or take control of Eagle.

1

The Court, having considered the pleadings, legal authority, Plaintiff's affidavit, and other evidence submitted in support of Plaintiff's Motion, has found and concluded for the specific reasons required under Fed. R. Civ. P. 65 that Plaintiff has demonstrated that: (1) he has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would be in the public interest.

Plaintiff has established a likelihood of success on the merits of his claim that the Fraudulently Obtained Agreements are securities that Defendants induced Plaintiff to sell through fraud. Plaintiff has also demonstrated that, absent a preliminary order preventing ISEI from representing that it has any rights pursuant to the Fraudulently Obtained Agreements, he will suffer an irreparable injury in that he will lose control of the company he founded and in which he is the majority shareholder and CEO, a harm for which there is no adequate remedy at law. The balance of hardships between the injuries Plaintiff will suffer, and Defendants' interests in claiming control of Plaintiff's company before obtaining a ruling from a Court on the validity of the contracts on which their claim relies, weighs in favor of granting Plaintiff's motion to preserve the status quo, and a TRO is in the public interest.

Satisfied that Plaintiff has met his burden for obtaining preliminary relief, the Court further finds that the issuance of a TRO without a hearing is warranted. Plaintiff has made a showing that immediate and irreparable injury will result to Plaintiff if there is a change in control of Eagle, which could occur before a decision on Plaintiff's Motion for a Preliminary Injunction based on ISEI's claim of power of attorney over Plaintiff's shares. The Court finds that Plaintiff is not

required to provide security pursuant to Fed. R. Civ. P. 65(c), or, alternatively, that the amount of security Plaintiff is required to provide is zero dollars.

IT IS THEREFORE ORDERED that Defendants, as well as their agents, employees, servants, attorneys, successors, and any person in active concert or participation with them, are TEMPORARILY RESTRAINED from: (1) representing that they have any, or purporting to or otherwise attempting to exercise any, rights over Textor's shares in Eagle (including, but not limited to, all shares in Eagle Defendants claim to have foreclosed on or otherwise transferred away from Textor, whether as nominee or otherwise in any manner and including any purportedly transferred voting shares in such shares, collectively, the "Textor Shares") pursuant to the Fraudulently Obtained Agreements; and (2) taking or permitting any action or inaction intended to, or which could reasonably be expected to, interfere with Textor's exercise of control (including, but not limited to, exclusive voting control) over the Textor Shares, pending the Court's decision on Plaintiff's Motion for a Preliminary Injunction.

IT IS FURTHER ORDERED that the security requirement of Fed. R. Civ. P. 65(c) is waived and that this injunctive relief is effective upon service.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this \_\_\_\_ day of _____, 2025.

_____

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record