UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14239-CIV-CANNON

JOHN TEXTOR,

    Plaintiff,

v.

ICONIC SPORTS EAGLE INVESTMENT LLC, JAMES G. DINAN and ALEXANDER KNASTER,

    Defendants.

_____/

**JOINT STATUS REPORT**

In accordance with the Court's Order of July 22, 2025 (ECF No. 28), the parties file this Joint Status Report. On July 23, 2025, the parties met by video conference regarding Plaintiff's Motion (ECF No. 27) to determine whether they could reach an agreement regarding the posture of this litigation. The parties subsequently exchanged emails but have not been able to reach an agreement.

Since Plaintiff filed his Motion, the state of ownership of Eagle Football Holdings Limited ("Eagle") remains contested. Plaintiff and Defendant Iconic Sports Eagle Investment LLC ("ISEI") both continue to maintain that they control a majority interest in Eagle. On July 15, 2025, IESI sent a letter to the Board of Directors of Eagle (the "Board") asserting that it had enforced its rights under its contract with Plaintiff by executing a stock transfer form. On July 16, Plaintiff, through counsel, sent a letter to the Board asserting that Defendants had no such rights. The Board has not acted on ISEI's demands to remove the board members appointed by Plaintiff and to register the transfer of Plaintiff's shares to ISEI, but the Board could elect to do so at any moment.

Plaintiff's position is that a Temporary Restraining Order ("TRO"), on the terms requested in the Motion (*see* ECF No. 27 at 4, 22), must be entered for a brief period to enable this Court to

1

render a decision on the Plaintiff's request for a Preliminary Injunction. Plaintiff sought Defendants' consent for a short-term TRO to enable this Court to decide the matter on a non-emergent basis, but Defendants were unwilling to consent. Plaintiff asserts that a TRO is necessary for the reasons stated in Plaintiff's Motion, including that, absent such relief, Defendants will continue to purport to own Plaintiff's shares in Eagle; Defendants may make irreversible decisions on behalf of Eagle that could irreparably harm Eagle and Plaintiff; and the Board is in the untenable position of not knowing whether to follow Defendants' directions. For example, counsel to Eagle has expressed concerns about communicating with Plaintiff due to the uncertainty surrounding Plaintiff's position in the company, and Plaintiff has sought to convene a Board meeting but was unable to do so. As a result, Eagle has been unable to file required paperwork with the SEC to continue with the IPO process, and the necessary fundraising to support the IPO has come to a halt. As Plaintiff has already filed his brief, and Plaintiff understood that the Court intended this report as a status update rather than a forum for making additional substantive arguments, Plaintiff is not responding to the substantive arguments made by Defendants in this document but is prepared to do so if it would be helpful to the Court.

  The Defendants' position is that the Court should not enter a TRO or preliminary injunction because this Court is not the proper forum for this dispute. Each of the agreements at issue in Plaintiff's complaint contain clear provisions in which the parties "submit[ted] to the exclusive jurisdiction of the English courts" to resolve any disputes concerning those agreements. Plaintiff even agreed that "the courts of England are the most appropriate and convenient courts to settle Disputes between them and, accordingly, that they will not argue to the contrary"—but Plaintiff nevertheless filed this lawsuit in Florida anyway and intentionally omitted the three separate forum-selection clauses from his Complaint. And Plaintiff knows that this Court is the wrong

forum because (1) there already was litigation concerning these same agreements pending in England before Plaintiff filed in Florida, and (2) Plaintiff's English counsel and Florida counsel both confirmed that Plaintiff will ask the English courts for the same injunctive relief that they seek here.  This Court should not reward Plaintiff's disregard of its contracts and blatant forum-shopping with a TRO.  Defendants intend to promptly ask this Court to enforce these forum-selection clauses and dismiss this case.

Defendants' position is further that Plaintiff's requested TRO cannot issue because it is impermissibly vague and overbroad.  For example, Plaintiff seeks a highly disfavored mandatory injunction that would require this Court to monitor an English corporation on a daily basis to make sure Defendants are not taking "action or inaction intended to, or which could reasonably expected to interfere" with how Plaintiff wants to run the company.  During the meet-and-confer, when Defendants' counsel asked Plaintiff's counsel if they could be more specific in articulating what relief they were seeking from this Court, they responded that they could not.  Plaintiff's TRO also asks this Court to assert control over the Board of Directors of Eagle, for example, raising in this status report that the concern that "the Board could elect to [take action on Defendants' July 15 demands] at any moment."  But the directors of Eagle, a company that Plaintiff himself incorporated in England and Wales, are not defendants in this action, and the Court lacks jurisdiction to enter an injunction concerning the Board's actions.  During the meet-and-confer, Plaintiff's counsel could not explain how the Court would control the actions of these non-parties to this case.

Defendants intend to file their response to Plaintiff's Motion in accordance with the Court's deadline.

Dated: July 24, 2025

    Respectfully Submitted,

    /s/ *Tamara Van Heel*
    Tamara Van Heel
    Florida Bar No. 107104
    TVanHeel@wiggin.com
    Wiggin and Dana, LLP
    251 Royal Palm Way, Ste. 601
    Palm Beach, FL 33480
    Telephone: (561) 701-8706

    Paul Tuchmann (admitted PHV)
    PTuchmann@wiggin.com
    Daniel Passeser (admitted PHV)
    DPasseser@wiggin.com
    Wiggin and Dana, LLP
    One Century Tower
    265 Church Street
    New Haven, CT 06510

    Nathan Denning (admitted PHV)
    NDenning@wiggin.com
    Wiggin and Dana, LLP
    437 Madison Avenue
    35th Floor
    New York, NY 10022

    Julie Edelstein (admitted PHV)
    JEdelstein@wiggin.com
    Wiggin and Dana, LLP
    600 Massachusetts Ave., NW
    Suite 375
    Washington, DC 20001

    Attorneys for Plaintiff John Textor