# EXHIBIT H



**Private and confidential**

FAO : Richard Boynton
Kirkland & Ellis International LLP
30 St Mary Axe
London
EC3A 8AF

D:  +44 20 3060 6418
E:  Jonathan.Cary@rpclegal.com

**By Email**

Our ref:   AM27/JC05/TEX14.2

23 July 2025

Dear Kirkland & Ellis International LLP

**Put Option Agreement between John Textor and Iconic Sports Eagle Investment LLC dated 16 November 2022**

We refer to your letter of 22 July 2025 in response to our first letter of 21 July 2025.  Unless otherwise specified, we adopt the terms defined in our previous correspondence.

1. In our letter we outlined the fundamental deficiencies in your client's claim and explained that given the unjustified actions taken by your client in seeking to exercise rights under the Share Charge Agreement, our client would be required to seek injunctive relief (the **Injunction Application**).

2. We do not consider there is any utility in debating the merits of the Injunction Application further in correspondence and our client will now proceed to issue the application as soon as it is ready.  Our client's evidence in support of the Injunction Application will address the limited points raised in your letter (including, for the avoidance of any doubt, the position in respect of the cross undertaking in damages) as appropriate.

3. We consider, however, that it would be helpful to the parties, and of assistance to the Court, to address now the timeframe of the Injunction Application.   In your letter you state that the Injunction Application should be determined in accordance with the provisions of paragraph 13 of Practice Direction 58.  By this, we understand you are proposing that your client have a period of 14 days to serve its evidence in answer, with our client then serving any evidence in reply within 7 days.

4. This timeframe would be workable only in circumstances where your client is prepared to provide the undertakings outlined in our letter in order to hold the ring pending the hearing of the Injunction Application.  We consider this would be sensible and in the interests of all parties.  In such circumstances, we would then seek to have the Injunction Application listed in an orderly way (which would also address the points you raise in respect of your client's current counsel's availability).

rpclegal.com

RPC is the trading name of Reynolds Porter Chamberlain LLP, a limited liability partnership registered in England and Wales with registered number OC317402 and is authorised and regulated by the Solicitors Regulation Authority (number 440566). Our UK registered office is Tower Bridge House, St Katharine's Way, London E1W 1AA.

5. If, however, your client is not prepared to provide such undertakings, our client would continue to be at imminent risk of irreversible prejudice. Accordingly, our client would have no alternative other than to make the Injunction Application on an urgent basis before the end of term and seek such abridgments of the normal timetable as may be necessary.

6. In these circumstances, we should be grateful if you would now confirm whether your client will provide the temporary undertakings outlined in our letter.

We look forward to hearing from you by 1pm on Thursday, 24 July 2025. In the meantime, all our client's rights remain fully reserved.

Yours faithfully

*RPC*

**RPC**