UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:25-cv-14239

JOHN TEXTOR,

    Plaintiff,

vs.

ICONIC SPORTS EAGLE INVESTMENT LLC, JAMES G. DINAN, and ALEXANDER KNASTER,

    Defendants.

## DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY

Defendants respectfully request leave to file a short surreply to Plaintiff's Reply in Further Support of his Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 36] ("Reply")[1] because the Reply improperly raises new arguments that Defendants could not have fairly addressed in their previously-filed Opposition [ECF No. 32].  It is axiomatic that "a party may not wait until a reply brief to raise an argument for the first time." *Ganz v. Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1228 (S.D. Fla. 2023) (Cannon, J.) (citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)).  Here, Plaintiff did so at least twice.

First, Plaintiff's Motion argues in a footnote the Court should not enforce the three separate provisions agreeing to the exclusive jurisdiction of the English courts because "the 1934 Securities Exchange Act or rules and regulations promulgated thereunder can only be brought in United

---

[1] Although the Court's scheduling order [ECF No. 28] did not call for Plaintiff to file a reply brief, Plaintiff did so anyway.  For the reasons set forth in Defendants' Opposition to Plaintiff's Notice of Intent to File Reply [ECF No. 35], this was improper and undermines the emergency nature of the relief sought.

1

States federal court," citing only *Seafarers v. Bradway*, 23 F.4th 714 (7th Cir. 2022). [ECF No. 27 at 12 n. 4]. After Defendants pointed out that *Seafarers* approvingly cites cases from five circuits that "enforced choice-of-law and forum-selection provisions that had the effect of foreclosing plaintiffs' claims under federal securities law," *Seafarers*, 23 F.4th at 725, Plaintiff abandoned *Seafarers* and raises a new argument. For the first time in his Reply, Plaintiff argues that despite his Motion solely relying on *Seafarers*, that case does not control because it "did not address the extraterritorial application of the Exchange Act" and that *Morrison v. Nat'l. Australia Bank Ltd.*, 561 U.S. 247 (2010), which pre-dated *Seafarers*, controls the question instead.[2] [ECF No. 36 at 4]. Defendants should be allowed to address this novel misstatement of the law.

Second, for the first time in the Reply, Plaintiff concedes that "the parties' competing claims about interpretation of the contracts should be litigated in England" [ECF No. 36 at 3] under "the English forum-selection clause for claims arising under the contracts." [*Id.* at 3 n.2]. Instead, he advances a brand new argument: the forum-selection clauses require disputes regarding the interpretation of the agreements to be litigated in England, but whether the agreements were "procured by fraud" and thus whether they are "valid" must be litigated in the U.S. [*Id.* at 3]. In the Opening Brief, Plaintiff did not make this distinction or advance the argument that his general allegations of fraud defeat the forum-selection clause. Defendants also should be allowed to address this new argument, which is directly undermined by Supreme Court and Eleventh Circuit caselaw.[3]

---

[2] Plaintiff's Reply misleadingly omits that *Seafarers* directly addressed this issue. *Seafarers* reviewed cases from five Circuits that enforced forum-selection clauses in securities cases and concluded that "[t]hese decisions all seem generally consistent with the Supreme Court's later decision in *Morrison*[]." 23 F.4th 714, 726 n.4.

[3] Again, Plaintiff's Reply cites *Lipcon v. Underwriters at Lloyd's, London*, but misleadingly omits that *Lipcon* addressed this issue: To invalidate a forum-selection clause on a theory of

Because Plaintiff raised these arguments for the first time in the Reply, Defendants respectfully request that the Court grant Defendants leave to file the surreply annexed as **Exhibit A** to address them. Alternatively, for the reasons set forth in Defendants' Opposition to Plaintiff's Notice of Intent to File Reply [ECF No. 35], the Court should strike the Reply as improperly filed and disregard Plaintiff's argument regarding the unenforceability of the English forum-selection clause, which was improperly raised only in a footnote in the Motion.[4]

| | |
|---|---|
| Dated:  July 27, 2025 | Respectfully submitted, |
| | /s/ Marianna C. Chapleau |
| | Marianna C. Chapleau (Fla Bar No. 1059142) |
| | Patrick Malone (Fla Bar No. 1051725) |
| | Kirkland & Ellis LLP |
| | Three Brickell City Centre, |
| | 98 S.E. 7th St., Suite 700 |
| | Miami, FL 33131 |
| | Tel: (305) 432-5600 |
| | Fax: (305) 432-5601 |
| | mchapleau@kirkland.com |
| | patrick.malone@kirkland.com |
| | |
| | Stefan Atkinson (*pro hac vice pending*) |
| | Jordan D. Peterson (*pro hac vice pending*) |
| | Kirkland & Ellis LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |

---

fraud, Plaintiff must meet the "rigorous" standard of pleading that "the choice clause itself was included in the contract due to fraud" so that "courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties." 148 F.3d 1285, 1296 (11th Cir. 1998). Plaintiff cannot meet this standard because he does not make any allegations about the forum-selection clauses in his Amended Complaint, let alone argue that those clauses in particular were the product of fraud.

[4]   Addressing a legal argument only in a footnote is an incorrect place for substantive arguments on the merits. *Mazzeo v. Nature's Bounty, Inc.*, No. 14-60580, 2014 WL 5846735, at *2 n.1 (S. D. Fla. Nov. 12, 2014) (not considering argument raised in a footnote); *see also Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 992 (11th Cir. 2010) (deeming argument waived because it was raised only in a footnote).

Tel: (212) 909-3247
Fax: (212) 446-4900
stefan.atkinson@kirkland.com
jordan.peterson@kirkland.com

*Counsel for Defendants Iconic Sports Eagle Investment LLC, James G. Dinan and Alexander Knaster*

## **RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL**

On July 27, 2025, Defendants' counsel conferred by email with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion. Plaintiff's counsel advised that they oppose the relief sought herein. A copy of the exchange is annexed hereto as **Exhibit B.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve Notice of Filing on all counsel of record.

*/s/ Marianna Chapleau*
Marianna Chapleau