UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:25-cv-14239

JOHN TEXTOR,

    Plaintiff,

vs.

ICONIC SPORTS EAGLE INVESTMENT LLC, JAMES G. DINAN, and ALEXANDER KNASTER,

    Defendants.

**DEFENDANTS' SURREPLY TO PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

    Defendants respectfully submit this Surreply to address two discrete arguments raised for the first time in Plaintiff's Reply in Further Support of His Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 36] ("Reply"), which was filed without prior leave of Court. *See* ECF No. 28 (ordering Defendants to file a response, but *not* Plaintiffs to reply).

    **First**, Plaintiff's Reply argues that even though Plaintiff agreed three separate times to "the exclusive jurisdiction of the English courts," those forum-selection clauses are invalid under the Securities Exchange Act's "anti-waiver" provision after *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).  [ECF No. 36 at 4-6].  He further argues that *Seafarers Pension Plan v. Bradway*, 23 F.4th 714 (7th Cir. 2022) (decided after *Morrison*) is not relevant to the validity of the forum-selection clauses [ECF No. 36 at 4-6], despite that being the only case he cited for this proposition in his Motion, [ECF No.27 at 12 n.4].  And he argues that *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998), and *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162

1

(7th Cir. 1993), were silently overruled by *Morrison*, even though neither case—or the similar precedent of at least five other Circuits—is mentioned in *Morrison*. [ECF No. 36 at 4].

Plaintiff misreads *Morrison*. *Morrison* held that § 10(b) applies to "only transactions in securities listed on domestic exchanges, and domestic transactions in other securities," not to "misconduct in connection with securities traded on foreign exchanges." 561 U.S. 247, 250-51, 267. *Morrison* does not even mention the entirely separate question at issue here—even if §10(b), 15 U.S.C. §§ 78j(b), provides a cause of action, do the anti-waiver provisions, 15 U.S.C. § 78cc(a), preclude enforcement of a forum-selection clause mandating jurisdiction in a foreign forum. Instead, at least seven Circuit Courts[1]—including the Eleventh Circuit—have directly addressed this issue and concluded that "the choice [of forum] clauses are enforceable despite the anti-waiver provisions" of the Exchange Act. *Lipcon*, 148 F.3d at 1287 (enforcing English forum-selection clause). In fact, Plaintiff's own authority, *Seafarers*, reviewed cases from five Circuits that enforced forum-selection clauses in securities cases and concluded that "**[t]hese decisions all seem generally consistent with the Supreme Court's later decision in *Morrison*[] . . . .**" 23 F.4th at 726. Despite Plaintiff's attempt to muddy the waters on this straightforward issue, *Lipcon* is good law, and post-*Morrison* decisions within this Circuit—including in a case relied upon by Plaintiff (*Quail Cruises*)—routinely apply *Lipcon* to enforce forum-selection clauses in the context of federal securities claims like the ones here. *See, e.g.*, *Cvoro v. Carnival Corp.*, 941 F.3d 487, 501 (11th Cir. 2019); *Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1252-53 (11th Cir. 2011).

**Second**, Plaintiff asserts that claims regarding "whether the agreements were procured by fraud and are therefore invalid" are not subject to forum-selection clauses. [ECF No. 34 at 4-5]. Plaintiff is wrong. Eleventh Circuit law is clear that a forum-selection clause should be disregarded

---

[1]  *Allen v. Lloyd's of London*, 94 F.3d 923, 929 (4th Cir. 1996), plus those identified in *Seafarers* and *Lipcon*.

only where there is a "strong showing" that ***the inclusion of the forum-selection clause specifically*** "was the product of fraud or coercion." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1298 (11th Cir. 2021). "The Eleventh Circuit has found that a party's "reliance on [a] broader alleged fraudulent scheme [to avoid a forum-selection clause] ... is a nonstarter.'" *Kava Culture Franchise Grp. Corp. v. Dar-Jkta Enters. LLC*, 2023 WL 3568598, at *2 (M.D. Fla. May 18, 2023) (citation omitted). "By requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable, courts may ensure that more general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties." *Lipcon*, 148 F.3d at 1296.

Here, Plaintiff does not allege that the forum-selection clause was procured by fraud; in fact, he concedes that the forum-selection clauses are valid. [ECF No. 36 at 4]. Plaintiff's counsel confirmed just today what already was apparent—neither the Complaint nor Amended Complaint contains even a single mention of the forum-selection clauses, let alone an allegation that the parties' inclusion of the forum-selection clauses was the product of fraud.[2] Plaintiff thus fails to meet the "rigorous standard for pleading fraud." The forum-selection clauses must be enforced, and Plaintiff must litigate his claims in England, which should come as no surprise given that he incorporated his own company, the subject of this dispute, in England and Wales. This Court should not reward Plaintiff's forum-shopping by granting temporary injunctive relief.

For these reasons and those set forth in Defendants' Opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [ECF No. 36] ("Opposition"), the Motion should be denied.

---

[2] *See* Ex. B to Motion for Leave to File Surreply, at 1 (Plaintiff's counsel stating "we are aware of no rule that required us to include any mention of the forum selection clause issue in our complaint or amended complaint…").

Dated:  July 27, 2025

Respectfully submitted,

*/s/ Marianna C. Chapleau*
Marianna C. Chapleau (Fla Bar No. 1059142)
Patrick Malone (Fla Bar No. 1051725)
Kirkland & Ellis LLP
Three Brickell City Centre,
98 S.E. 7th St., Suite 700
Miami, FL 33131
Tel: (305) 432-5600
Fax: (305) 432-5601
mchapleau@kirkland.com
patrick.malone@kirkland.com

Stefan Atkinson (*pro hac vice pending*)
Jordan D. Peterson (*pro hac vice pending*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 909-3247
Fax: (212) 446-4900
stefan.atkinson@kirkland.com
jordan.peterson@kirkland.com

*Counsel for Defendants Iconic Sports Eagle Investment LLC, James G. Dinan and Alexander Knaster*