**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14239-CIV-CANNON**

JOHN TEXTOR,

    Plaintiff,

v.

ICONIC SPORTS EAGLE INVESTMENT LLC, JAMES G. DINAN and ALEXANDER KNASTER,

    Defendants.

_____/

**PLAINTIFF'S SUR-SUR-REPLY IN FURTHER SUPPORT OF HIS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants' Sur-reply (ECF No. 40) does not address any new evidence or argument presented for the first time in Reply; rather, it merely presents additional arguments on an issue that was raised in the Motion and addressed in Defendants' Opposition brief. It is, therefore, just an improper attempt to have the "last word" on an issue the parties have already briefed.

In any event, the new arguments in Defendants' Sur-reply are wrong. In his Reply, Plaintiff pointed out that (a) the concern on the part of courts about international applications of U.S. securities law pre-dated the Supreme Court's decision in *Morrison v. Nat'l. Australia Bank Ltd.*, 561 U.S. 247, 265 (2010), which limited the application of U.S. securities laws internationally; and (b) in the Eleventh Circuit, following *Morrison*, the application of the Exchange Act to transactions with international features is determined by the "transactional test," which is satisfied to the extent the security's "purchase or sale is made in the United States." (Pl. Reply at 4-5) (citing *Quail Cruises Ship Mgmt., Ltd. v. Agencia de Viagens CVC Tur Limitada*, 645 F.3d 1307, 1310 (11th Cir. 2011)).

1

Contrary to Defendants' argument in Sur-reply, Plaintiff has never argued that *Morrison* "overruled" anything. (ECF No. 40 at 1-2.) Plaintiff's position is simply that the Supreme Court's decision in *Morrison* provides a bright-line test for when the Exchange Act applies, and Plaintiff's claim satisfies that test. Defendants do not and cannot dispute that the security at issue meets the bright-line test in *Morrison*. Defendants do not provide any support for the position that even when the Exchange Act applies in accordance with the specific bright-line test articulated in *Morrison*, a **portion** of the Exchange Act (the anti-waiver provision) nonetheless does not apply, allowing someone to contract around the application of the Exchange Act. Such a novel proposition is inconsistent with the text of the Exchange Act, *Morrison*, and common sense. For these reasons, the forum selection clause does not and legally **cannot** apply to the securities-fraud claim at issue in this case.

Furthermore, Defendants' claim that "post-*Morrison* decisions within this Circuit . . . routinely apply *Lipcon* to enforce forum-selection clauses in the context of federal securities claims like the ones here," is simply incorrect, because none of those cases was an Exchange Act case, much less an Exchange Act case involving securities that met *Morrison's* bright-line test, as the securities at issue here do. (ECF No. 40 at 2 (citing *Cvoro v. Carnival Corp.*, 941 F.3d 487 (11th Cir. 2019) (considering claims in a maritime case that did not involve the sale of securities or the application of the Exchange Act, mentioning the Exchange Act only in dicta); *Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1246 (11th Cir. 2011) (considering claims under the Interstate Land Sales Full Disclosure Act in a case that did not involve the sale of securities or the application of the Exchange Act, mentioning the Exchange Act only in dicta)).)

Not content with setting up a single straw man, Defendants then knock down a second: Plaintiff did *not* argue in Reply that "claims regarding whether an agreement was procured by

fraud and therefore invalid are not subject to forum selection clauses" generally. (ECF No. 40 at 2.) Rather, as Plaintiff explained, the reason the forum selection clauses are invalid as applied to the fraud claim in this case is not simply because it is a fraud claim, but because it is a fraud claim ***brought under a statute mandating that any such claims must be brought in federal court and that parties cannot waive their right to bring such claims.***

For the reasons set forth above and in Plaintiff's Motion and Reply, the Court should grant Plaintiff's request for a temporary restraining order and preliminary injunction in the form set forth in the Proposed Order (ECF No. 27-3.) At a minimum, the Court should enter a temporary restraining order to preserve the status quo pending a hearing on a preliminary injunction.

Dated: July 28, 2025

                Respectfully Submitted,

                /s/ *Tamara Van Heel*
                Tamara Van Heel
                Florida Bar No. 107104
                TVanHeel@wiggin.com
                Wiggin and Dana, LLP
                251 Royal Palm Way, Ste. 601
                Palm Beach, FL 33480
                Telephone: (561) 701-8706

                Paul Tuchmann (admitted PHV)
                PTuchmann@wiggin.com
                Daniel Passeser (admitted PHV)
                DPasseser@wiggin.com
                Wiggin and Dana, LLP
                One Century Tower
                265 Church Street
                New Haven, CT 06510

                Nathan Denning (admitted PHV)
                NDenning@wiggin.com
                Wiggin and Dana, LLP
                437 Madison Avenue

35th Floor
New York, NY 10022

Julie Edelstein (admitted PHV)
JEdelstein@wiggin.com
Wiggin and Dana, LLP
600 Massachusetts Ave., NW
Suite 375
Washington, DC 20001

Attorneys for Plaintiff John Textor