# EXHIBIT I



Wiggin and Dana LLP        Paul Tuchmann
One Century Tower          203.498.4336
265 Church Street          203.782.2889 fax
New Haven, Connecticut     ptuchmann@wiggin.com
06510
www.wiggin.com

Sent Via Email to: Stefan.atkinson@kirkland.com

August 8, 2025

Stefan Atkinson
Kirkland & Ellis LLP
601 Lexington Avenue
New York NY 10022
Stefan.atkinson@kirkland.com

Re:    Textor v. ISEI et al.

Dear Stefan:

We received your letter dated August 6, 2025. We are of course familiar with the District Court's decision preliminarily denying injunctive relief. Nevertheless, we disagree with the Court's rationale for denying an injunction, and we reserve all rights to revisit the issue and challenge the decision. Consequently, we will not be withdrawing Mr. Textor's lawsuit pending in the Southern District of Florida.

Also, we disagree with your characterization of the proceedings in England, where you state that "Plaintiff has now formally sought the same injunctive relief that he sought in Florida in ISEI's first-filed proceedings in England" and that "Plaintiff has acknowledged that only an English court has jurisdiction over this dispute." As to the latter point, it is ISEI that invoked jurisdiction in England, and Mr. Textor is entitled to respond without contradicting his position that he is entitled to assert a claim under the Securities Exchange Act of 1934 in a federal district court in the United States. As to the former point, while injunctive relief has been sought in England, Mr. Textor disagrees that, in the current posture of the claims pending in the English Court, which do not at present include a 1934 Act claim, he has "formally sought the same injunctive relief" as sought in the Florida district court.

Your letter also states a desire to streamline the proceedings on any motion to dismiss you plan to file. We are willing to accommodate that desire. The parties have already briefed the issues relating to the validity of the forum selection clause. Also, the District Court has preliminarily indicated how it would rule if presented with the same issue in a motion to dismiss. While we oppose dismissal of the lawsuit, we would be willing to streamline the proceedings to avoid duplicative briefing. We would therefore be willing to enter into a procedural stipulation that the Court can treat the parties' previously filed TRO/PI briefing on the issue of the forum selection clause as the briefing on a motion to dismiss under Rule 12(b), and

BOSTON | CONNECTICUT | NEW YORK | PHILADELPHIA | WASHINGTON, DC | FLORIDA

August 8, 2025
Page 2

the Court could then (if it so chooses and wishes to adhere to its earlier decision) issue a ruling granting the motion to dismiss for the reasons already stated in its decision denying a preliminary injunction due to the forum selection clause. There would then be a final judgment, subject to an appeal on the merits, without requiring any additional briefing before the District Court.

Please let us know if this is agreeable to you. If so, we can circulate a draft stipulation adopting this procedure.

Sincerely,

*/s/Paul Tuchmann*
Paul Tuchmann