UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 25-14239-CIV-CANNON

**JOHN TEXTOR,**

    Plaintiff,

v.

**ICONIC SPORTS EAGLE INVESTMENT LLC,
JAMES G. DINAN,**
and **ALEXANDER KNASTER,**

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
AND CLOSING CASE**

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"), filed on August 8, 2025 [ECF No. 46]. Plaintiff filed an Opposition to the Motion [ECF No. 47], and Defendants filed a Reply [ECF No. 48]. The Court has reviewed the Motion and the full record, including the Put Option Agreement [ECF No. 46-2]; the Subscription and Shareholders' Agreement [ECF No. 46-4]; and the Share Charge Agreement [ECF No. 46-3], and is otherwise fully advised.[1] Upon such review, the Motion is **GRANTED IN PART** on the basis of *forum non conveniens*, pursuant to the parties' binding choice of forum clauses. The Court assumes without deciding that Plaintiff has satisfied the

---

[1] The Court may consider any documents referred to in the Complaint which are central to the claims and undisputedly authentic. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024). Plaintiff references the Put Option Agreement, the Subscription and Shareholders Agreement, and the Share Charge Agreement throughout his Complaint [*see, e.g.*, ECF No. 20 pp. 1, 4, 8]; there is no challenge to the authenticity of these materials; and both parties rely extensively on those documents in the briefing on Defendants' Motion to Dismiss [*see, e.g.*, ECF No. 46 p. 5; ECF No. 47 p. 4].

heightened pleading standard applicable to the three claims at issue in the Amended Complaint [*see* ECF No. 20 pp. 11–15 (alleging (1) a violation of § 10(b) of the Securities Exchange Act; (2) a violation of Fla. Stat. § 517.301(1)(a)(1); and (3) Fraudulent Misrepresentation under English law)].

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The Court incorporates the factual and procedural background as set forth in its Order Denying Plaintiff's Motion for Injunctive Relief [ECF No. 45]. In that Order, the Court denied Plaintiff's request for injunctive relief on the threshold basis of the parties' undisputed forum-selection clauses, which require claims arising under the parties' agreements to be litigated in England [ECF No. 45]. The Court did not express a final determination on Plaintiff's claims or Defendants' defenses [ECF No. 32].

After the Court denied Plaintiff's Emergency Motion [ECF No. 27], Defendants filed the instant Motion, urging dismissal of Plaintiff's Complaint with prejudice on the same fundamental basis underlying the Court's prior Order: that the forum-selection clauses in the parties' contracts compel dismissal of this action under the doctrine of *forum non conveniens* [ECF Nos. 46, 48]. Defendants also reraise their alternative challenge to Plaintiff's Amended Complaint under Rule 12(b)(6), arguing that Plaintiff fails to satisfy the heightened pleading standard for fraud under § 10(b) of the Securities Exchange Act, 15 U.S.C. §§ 78a-78rr, and the additional fraud counts [ECF Nos. 46, 48]. Fed. R. Civ. P. 9(b).

In opposition, Plaintiff agrees that the Court's forum-selection clause analysis as contained in the prior Order, if adhered to for purposes of the present Motion, "alone is dispositive of Defendants' [M]otion to [D]ismiss" [ECF No. 47 p. 1]. But Plaintiff reiterates his position, raised in the earlier Motion for Injunctive Relief [ECF No. 27], that the undisputed forum-selection

clauses do not warrant dismissal because, as the argument goes, enforcement of those clauses would violate the anti-waiver provision contained within the Securities Exchange Act, 15 U.S.C. § 78cc(a), in light of *Morrison v. Natl. Australia Bank Ltd.*, 561 U.S. 247, 273 (2010) [ECF No. 47 pp. 9–14]. Plaintiff also argues that the Amended Complaint states a claim for relief on all counts under a heightened pleading standard, and that any perceived pleading deficiency is justified because the alleged fraudulent acts were omissions rather than affirmative statements [ECF No. 47 pp. 14–20].[2]

## LEGAL STANDARD

### *Federal Rules of Civil Procedure 12(b)(6) and 9(b)*

Rule 8(a)(2) requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Further, Rule 9(b) of the Federal Rules of Civil Procedure sets forth specific requirements to allege fraud. Rule 9(b) requires: "[i]n alleging fraud or mistake, a party must state with

---

[2] Plaintiff also seeks leave to amend his fraud allegations should the Court dismiss the Amended Complaint on pleading grounds, although Plaintiff offers no detail as to what he would add if given a further repleading opportunity [ECF No. 47 p. 20].

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also United States v. Lab Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

***Forum-Selection Clauses and Rule 12(b)(3)***

"[A] valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). Under the test articulated in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15–18 (1972) (the "*Bremen* test"), courts will disregard international forum-selection clauses only when: "(1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of [his] day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy." *Id.* Once a court determines that an international forum-selection clause is valid under *Bremen*, "[t]he appropriate way to enforce [it] is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co.*, 571 U.S. at 60.

A motion to dismiss pursuant to the doctrine of *forum non conveniens* is properly viewed as a motion for improper venue pursuant to Rule 12(b)(3). *See Slater v. Energy Serv. Grp. Intern., Inc.*, 634 F.3d 1326, 1332 (11th Cir. 2011) (citing *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) ("Although we perceive no significant doctrinal error in that approach, we consider Rule 12(b)(3) a more appropriate vehicle through which to assert the motion to dismiss.")).

## DISCUSSION

Upon review of Defendants' Motion, the Court adheres to its prior view, as supplemented herein, that the parties' undisputed forum-selection clauses contained within the relevant

4

agreements compel dismissal of Plaintiff's Amended Complaint under the doctrine of *forum non conveniens*. The forum-selection clauses in the parties' agreements remain binding, and Plaintiff's reiteration of his argument that the anti-waiver provision in the Exchange Act supplants those agreements remains unavailing.

As the Court explained in its Order denying Plaintiff's Motion for Injunctive Relief [ECF No. 45], Plaintiff has not offered a basis under the *Bremen* factors to refuse enforcement of the undisputed forum-selection clauses. Plaintiff did not plead or allege that the forum-selection clauses were products of fraud [ECF No. 45 pp. 10–11]; Plaintiff will not be deprived of his day in court [ECF No. 45 p. 11]; the application of English law to these proceedings is not fundamentally unfair or inconvenient [ECF No. 45 pp. 11–12]; and there is no strong public policy barrier to requiring Plaintiff, who incorporated his company under the laws of England and Wales, to litigate this matter in England [ECF No. 45 pp. 12–13]. Although Plaintiff tries somewhat to undermine the import of these factors by pointing to the mostly defensive posture of his current litigation in England (and also to differences between the relief he seeks in England versus here) [ECF No. 47 pp. 16–17 & n.4], there exists no basis in this record to believe that application of the *Bremen* factors would lead to a different conclusion now.

With no basis to prevail using the *Bremen* factors, Plaintiff asks the Court to dispense with the *Bremen* test altogether [ECF No. 47 p. 14]. According to Plaintiff, "the *Bremen* test, formulated in a non-securities case, should not apply to Plaintiff's federal securities claim," because doing so would conflict with the anti-waiver provision of the Securities Exchange Act, which prohibits any person from waiving compliance with any provision of the Act or its associated rules [ECF No. 47 p. 13]; 15 U.S.C. § 78cc(a) ("Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or

5

regulation thereunder, or of any rule of a self-regulatory organization, shall be void."). In advancing this theory, Plaintiff recognizes that courts—including, crucially, the Eleventh Circuit in *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285 (11th Cir. 1998)—"have applied the *Bremen* test to forum selection clauses specifying an international forum notwithstanding the Exchange Act's anti-waiver provision" [ECF No. 47 p. 14]. But Plaintiff says those cases no longer control because they were decided before the Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010), which rejected extraterritorial application of Section 10(b) of the Exchange Act [ECF No. 47 pp. 14–16]. As best the Court can discern, Plaintiff's theory is that *Lipcon* was decided during a period when courts were concerned about allowing American courts to become the "Shangri-La of class action [securities] litigation," *Morrison*, 561 U.S. at 270; *Morrison* solved that concern by applying Section 10(b) only to transactions that occur within the United States or in connection with a security traded on a United States exchange; and hence we should treat *Morrison* as silently abrogating *Lipcon* and other similar cases if the transaction at issue was executed within the United States [ECF No. 47 pp. 14–16].

Plaintiff's novel theory provides no basis to ignore the Eleventh Circuit's binding precedent in *Lipcon*, which holds that the *Bremen* framework for evaluating choice-of-law clauses in international agreements continues to apply even in the face of the anti-waiver provision in the Exchange Act. 148 F.3d at 1292. District courts, of course, have no license to ignore binding circuit precedent. That much is clear. And although it is sometimes the case that a Supreme Court case directly overrules binding case law, nothing of the sort can be said about *Morrison* vis-à-vis *Lipcon*. *Morrison* addressed the substantive reach of the Section 10(b) of the Exchange Act; concluded that it does not apply extraterritorially; and further held that it applies only to transactions listed on domestic exchanges and to domestic transactions in other securities. *Id.* at

267. *Morrison* said nothing about the enforceability of contractual forum-selection clauses or otherwise undermined the well-settled caselaw surrounding the enforceability of forum-selection clauses. *Lipcon* thus remains binding on this Court, as do the underlying *Bremen* factors whose application Plaintiff does not meaningfully dispute.

With *Lipcon* and *Bremen* still firmly in the mix, Plaintiff is left to insinuate that *Lipcon* does not apply because the agreements at issue are not "international agreements." 148 F.3d at 1293–1295 & n.14. This too is mistaken. As the Court stated in its prior Order [ECF No. 45 p. 13 n.7], the Agreements at issue in this case are largely international in nature: Defendant ISEI, the sole corporate defendant, is incorporated in the Cayman Islands; Defendant Knaster is a resident of England; Plaintiff's own company is incorporated under the laws of England and Wales; a core subject of the disputed agreements are various international soccer teams located worldwide; and the alleged fraudulent statements revolve around Russian individuals and sanctions by several foreign governments [*see* ECF 45 p. 13 n.7]. It is true that Plaintiff was physically present in the United States when he negotiated the Put Option Agreement and that one of the two individual defendants resides in the United States [ECF No. 20 ¶¶ 3, 5, 8]. But none of that undermines the fundamentally international nature of the disputed Agreements. And although Plaintiff argues now that the relevant agreements were "consummated in this District" [ECF No. 47 p. 9], even the Amended Complaint is silent as to where the three relevant agreements were "executed" or where Defendants were located when they executed the agreements or made the alleged fraudulent statements. On this record, accepting Plaintiff's allegations as true, the Court sees no basis not to apply *Lipcon* and the *Bremen* factors.

\* \* \*

At bottom, the parties in this case executed agreements with forum-selection clauses, choosing where they would litigate disputes arising under those agreements. Plaintiff evidently wishes he could change that bargain now and bring his claims here, but caselaw does not permit such revisionist history. Dismissal pursuant to *forum non conveniens* is warranted.[3]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Amended Complaint [ECF No. 46] is **GRANTED IN PART** in accordance with this Order.[4]

2. Plaintiff's Amended Complaint against Defendants is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(3) pursuant to the doctrine of *forum non conveniens*. *See* Fed. R. Civ. P. 41(b). No additional repleading in this action is warranted.[5]

---

[3] To the extent additional consideration of "public-interest" factors is warranted under *Atlantic Marine*, 571 U.S. at 64 & n.6—beyond the *Bremen* framework already discussed—those public-interest factors fully support enforcement of the forum selection clause here. Plaintiff cites no "administrative difficulties flowing from court congestion" in England. *Id.* The parties' Agreements each call for application of English law [ECF No. 46-2 p. 9; ECF No. 46-3 p. 16; ECF No. 46-4 p. 43], reflecting England as the "forum . . . at home with the law." *Id.* Plaintiff incorporated the company at the center of this dispute in England. And the record otherwise provides no reason to believe that this District, or the United States more broadly, has a particularized "local interest" in this controversy.

[4] As noted above, *supra* pp. 1–3 & n.2, the Court assumes without deciding that Plaintiff has stated a claim under the heightened pleading standard applicable to the three fraud claims at issue in the Amended Complaint. Insofar as Plaintiff embeds a request to replead for Rule 12(b)(6) purposes [ECF No. 47 p. 24], Plaintiff does not explain what it would add or change if given that opportunity.

[5] The parties each operate under the assumption that enforcement of the forum selection clause would lead to dismissal with prejudice of this action, but the doctrine of *forum non conveniens* is viewed as a venue challenge under Rule 12(b)(3) (not a merits adjudication) and thus warrants dismissal without prejudice under Rule 41(b).

3. The Clerk shall **CLOSE** this case. Any scheduled hearings are **CANCELED**, any pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of October 2025.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record